# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ZIPPMARK, INC.,
a Delaware Corporation,

        Plaintiff,

      v.

LAFRANCE CORP.,
a Pennsylvania Corporation,

        Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:

**Jury Trial Demanded**

**Civil Action No.**

## COMPLAINT FOR TRADEMARK INFRINGEMENT

For its Complaint against defendant LaFrance Corp. ("LaFrance" or "Defendant"), plaintiff ZippMark, Inc. ("ZippMark" or "Plaintiff") alleges as follows:

### INTRODUCTION

1.      Zippo Manufacturing Company ("Zippo") makes its Zippo® flip-top, windproof, liquid fuel lighters in Bradford, Pennsylvania, where Zippo has been located for over eighty years.  From its status as a staple piece of "equipment" for World War II GIs (Zippo ceased its consumer business and devoted all manufacturing for the U.S. military during the war), to its appearance in over 1,500 motion pictures, stage plays and television shows over the years, the Zippo® windproof lighter – still made in the U.S.A. in Bradford, Pennsylvania – is an American icon.




2.　　Like many iconic personal items, however, the Zippo® windproof lighter is also the subject of much infringement and counterfeiting by those trying to profit off of Zippo's intellectual property – both the famous Zippo® mark and the iconic trade dress of its windproof lighter.  LaFrance's infringement of the Zippo® windproof lighter trade dress – and its complete disregard of ZippMark's written request to stop – compel ZippMark to bring this action to make LaFrance stop and to account for the damages its infringement has caused ZippMark and continues to cause.

3.　　Zippo's wholly owned subsidiary, plaintiff ZippMark, Inc. ("ZippMark"), owns and licenses Zippo's intellectual property rights in the United States.  Among the rights that ZippMark owns are U.S. Trademark Registration nos. 2,606,241 and 3,819,075, which issued on August 13, 2002 and July 13, 2010, respectively (the "Shape Trademarks").  True and correct copies of the PTO's electronic ZippMark Shape Registrations are attached as **Exhibit A**.  These registrations cover the windproof lighters' distinctive three-dimensional shape – its trade dress – as depicted in the illustrations for those registrations and reproduced below.





*U.S. Trademark no. 2,606,241*　　　　　　　　　*U.S. Trademark no. 3,819,075*

4.      Product shapes and other types of trade dress cannot be registered with the U.S. Patent and Trademark Office ("PTO") absent the existence of "secondary meaning."[1] Registration of the Shape Trademarks is accordingly prima facie evidence that each has achieved secondary meaning – no surprise, given the iconic status of the Zippo® windproof lighter and continuous use of the trademarked shape for decades.

5.      The iconic status of the Zippo windproof lighter and its distinctive shape makes it the subject of LaFrance's infringement through its J.A.T. Creative division.  In fact, LaFrance makes and sells lighters (the "Accused Lighters") that look just like Zippo's iconic windproof lighter and mimic the Zippo lighters' instantly recognizable flip-top lid.  A side-by-side comparison of the Zippo® windproof lighter and an Accused Lighter made and sold by LaFrance appears below.

                                    

*Zippo's Trademarked Lighter*                 *One of LaFrance's Infringing Lighters*[2]

6.      LaFrance's violation of Zippo's trademarks thus lessens the distinctiveness of Zippo's iconic flip-top shape and trades upon the goodwill in ZippMark's trademarks.

---

[1] *See Wal-Mart Stores, Inc. v. Samara Bros.*, 529 U.S. 205, 213-216 (2000).

[2] Additional examples of infringing lighters sold by LaFrance can be seen at http://www.jatcreativeproducts.com/index.php?cPath=2_57 and are included in **Exhibit B**'s images from J.A.T. Creative's website and a J.A.T. Creative lighter that Zippo purchased.

7.      On learning of LaFrance's infringing activity, Zippo and ZippMark tried, on an amicable basis, to resolve LaFrance's unlawful, infringing use of ZippMark's Shape Trademarks. Through their counsel they sent LaFrance a detailed cease-and-desist letter on June 24, 2016. LaFrance ignored the letter and its warning, compelling ZippMark to bring this action to protect its rights.

## THE PARTIES

8.      ZippMark is a corporation organized under the laws of Delaware, with a principal place of business located at 1105 North Market Street, Suite 1300, Wilmington, Delaware 19801.

9.      LaFrance is a corporation organized under the laws of Pennsylvania, with a principal place of business located at One LaFrance Way, Concordville, PA 19331.  J.A.T. Creative, the purported maker and seller of the infringing lighters, is a division of LaFrance.

## JURISDICTION AND VENUE

10.      This is an action for trademark infringement arising under the Lanham Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, and for trademark dilution under 15 U.S.C. § 1125(c).

11.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

12.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

## BACKGROUND

### The Zippo® Windproof Lighter is an American Icon

13.      Zippo makes the iconic Zippo® windproof lighter.  The lighter owes its enduring success to many factors.  The flint wheel guarantees a generous spark.  The unique, vented "chimney" design ensures that the spark will create a flame, even in the wind.  The iconic design,



Ernie Pyle scratched his shortest war story on this Zippo lighter in 1945. It still works today.

*No matter how old it is, if your Zippo ever fails to work, we'll fix it free*

easily refilled reservoir, ubiquitous use by American GIs during World War II, and even the unique sound made by the flip-top latch all contribute to the lighter's continuing popularity.

14.     Founded by George Blaisdell in Bradford, Pennsylvania in 1933, Zippo is owned by one of Mr. Blaisdell's direct descendants, continues to be headquartered in Bradford and continues to make all of its flip-top, windproof lighters in the United States.

15.     The Zippo® brand is one of the top-ten well-known brands in the U.S.  The brand has achieved such notoriety in large measure because of the quality, practicality and popularity of its classic flip-top, windproof lighter, which has made it a part of Americana.  Another reason for the brand's notoriety, however, is ZippMark's ceaseless efforts to police and enforce its trademark and trade dress rights.

16.     With Zippo's and ZippMark's longtime focus on brand protection, more than two decades ago ZippMark sought to protect its trademark in the three-dimensional shape of the windproof lighter.  As a result, ZippMark obtained registrations from the PTO in Class 34 for cigarette lighters, and in Class 9 for downloadable software electronic devices featuring audio and visual files and graphic designs to simulate a lighter.  Zippo owns trademark registrations for the unique shape of its iconic lighters in many other countries.

*Zippo Owns Extensive Rights in its These Trademarks*

17.     ZippMark's exclusive licensee, Zippo, has distributed, advertised and sold in U.S.

commerce its windproof lighters and related goods under ZippMark's registered Shape

Trademarks.  ZippMark also has common law rights to these marks.

18.     Zippo is the exclusive licensee of the Shape Trademarks (and all of ZippMark's

other trademarks).  At all times relevant to this action, Zippo has continuously sold significant

numbers of Zippo® lighters and related products bearing the Shape

Trademarks throughout the United States.  ZippMark and its related

companies have also extensively advertised and promoted the marks

and products in the United States and throughout the world.  Products

reflecting the Shape Trademarks have been the subject of numerous

press and media reports and have appeared in over 1,500 motion pictures and television shows.

19.     By virtue of continued and extensive domestic and international sales, advertising

and promotion, and press coverage, the marks embody goodwill that is extraordinarily valuable

to ZippMark.

*LaFrance Sells Infringing Lighters*

20.     Through its J.A.T. Creative division, LaFrance has been selling and sells lighters

that infringe on ZippMark's Shape Trademarks, i.e., the Accused Lighters.  *See* Ex. B.

21.     LaFrance's unauthorized use of the trademarked shape of the Zippo® windproof

lighter is likely to cause confusion about its authorization, association, affiliation or sponsorship

by Zippo.  LaFrance is accordingly trading on – and at the same time diluting – ZippMark's

goodwill in its Shape Trademarks.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement - 15 U.S.C. § 1114(1)(a))

22.     ZippMark realleges and incorporates by reference paragraphs 1 through 21 above.

23.     By making and selling the Accused Lighters, LaFrance is impermissibly using ZippMark's Shape Trademarks in U.S. commerce.  As alleged above, such use is likely to (a) cause confusion or mistake among both actual and potential purchasers, and/or (b) deceive both actual and potential purchasers.

24.     LaFrance's use of the Shape Trademarks is calculated to trade on ZippMark's goodwill in its Trademarks.

25.     LaFrance is thus liable under 15 U.S.C. § 1114(1)(a) for its past and continuing infringement of the Shape Trademarks.

26.     Pursuant to 15 U.S.C. § 1117(a), ZippMark is entitled to recover its actual damages and/or LaFrance's profits from sales of its lighters – which are unjust and illicit gains – as well as the costs of this action.

27.     As alleged above, LaFrance's use of the Shape Trademarks was and is intentional and in bad faith.  Its intent to infringe is demonstrated by, among other things, LaFrance's complete disregard for ZippMark's cease-and-desist letter and continuous unauthorized use in commerce of the Shape Trademarks in connection with LaFrance's sales of lighters.

28.     LaFrance's intentional infringement and bad faith justify an award of enhanced damages under 15 U.S.C. § 1117(b) in an amount up to three times actual damages.

29.     Because this is an exceptional case under 15 U.S.C. § 1117(a)(3), ZippMark should be awarded its reasonable attorneys' fees.

30.     In addition, because ZippMark's remedies under 15 U.S.C. § 1117(a) are not sufficient to fully protect its continuing interest in preserving the Shape Trademarks against future infringements by LaFrance and those with whom or which it is in active concert, ZippMark is entitled to an injunction against the future use of the Shape Trademarks, or any colorable imitation or confusingly similar variation of the Shape Trademarks, by LaFrance and those with which it is in active concert.  ZippMark is also entitled to an injunction prohibiting any other infringing use by LaFrance.

## SECOND CLAIM FOR RELIEF

### (False or Misleading Descriptions or Representations of Fact - 15 U.S.C. § 1125(a))

31.     ZippMark realleges and incorporates by reference paragraphs 1 through 21 above.

32.     By making and selling the Accused Lighters, LaFrance is impermissibly using ZippMark's Shape Trademarks in U.S. commerce.  As alleged above, such use is likely to (a) cause confusion or mistake among both actual and potential purchasers, and/or (b) deceive both actual and potential purchasers, as to the origin, sponsorship, or approval of the lighters sold by LaFrance and/or LaFrance's commercial activities.

33.     LaFrance is thus liable under 15 U.S.C. § 1125(a)(1) for its past and continuing false or misleading descriptions or representations of fact.

34.     Pursuant to 15 U.S.C. § 1117(a), ZippMark is entitled to recover its actual damages and/or LaFrance's profits from sales of the Accused Lighters – which are unjust and illicit gains – as well as the costs of this action.

35.     As alleged above, LaFrance's use of the Shape Trademarks was and is intentional and in bad faith.  LaFrance's intentional use and bad faith justify an award of enhanced damages under 15 U.S.C. § 1117(b) in an amount up to three times actual damages.

36.     Because this is an exceptional case under 15 U.S.C. § 1117(a)(3), ZippMark should be awarded its reasonable attorneys' fees.

37.     In addition, because ZippMark's remedies under 15 U.S.C. § 1117(a) are not sufficient to fully protect its continuing interest in preserving the Shape Trademarks against future infringements by LaFrance and those with whom or which it is in active concert, ZippMark is entitled to an injunction against the future use of the Shape Trademarks, or any colorable imitation or confusingly similar variation of the Shape Trademarks, by LaFrance and those with which it is in active concert.  ZippMark is also entitled to an injunction prohibiting any other infringing use by LaFrance.

### THIRD CLAIM FOR RELIEF

### (Dilution of a Famous Mark - 15 U.S.C. § 1125(c))

38.     ZippMark realleges and incorporates by reference paragraphs 1 through 21 above.

39.     ZippMark's iconic Shape Trademarks are famous.

40.     LaFrance began using copies or colorable imitations of the Shape Trademarks in commerce and in connection with lighters sold by LaFrance long after ZippMark's Shape Trademarks had become famous through the uses described above.

41.     LaFrance's use in commerce of the Shape Trademarks in connection with lighters sold by LaFrance has caused dilution and continues to dilute and/or blur the distinctive qualities of the famous Shape Trademarks.

42.     LaFrance's unlawful conduct has damaged ZippMark, which continues to suffer irreparable harm and monetary damage as a result of LaFrance's actions.

## PRAYER FOR RELIEF

WHEREFORE, ZippMark respectfully prays for judgment as follows:

1.     That LaFrance be directed to account for and pay to ZippMark all damages suffered by ZippMark as a result of LaFrance's wrongful conduct described above, including its infringement and dilution of the Shape Trademarks and unfair competition, as well as to account for all gains, profits and advantages derived by such wrongful conduct;

2.     That such damages caused by LaFrance be trebled in accordance with 15 U.S.C. § 1117 because its unfair acts were done intentionally and therefore warrant enhanced damages and/or punitive damages as the Court may find appropriate;

3.     For a permanent injunction pursuant to 15 U.S.C. §§ 1116 and 1125(c) restraining LaFrance, its affiliates, franchises, and subsidiaries, and those in active concert with them from doing, abiding, causing, aiding or abetting any of the following:

   a.     Using the Shape Trademarks, or any colorable imitation or confusingly similar variation of the Shape Trademarks;

   b.     Making any other infringing use of the Shape Trademarks; and

   c.     Otherwise competing unfairly with Zippo in any manner;

4.     That ZippMark be awarded its attorneys' fees and costs under the provisions of 15 U.S.C. § 1117;

5.     That ZippMark be awarded prejudgment interest on any judgment amount;

6.     That ZippMark be awarded post-judgment interest on the foregoing sums at the maximum rate permitted by law from the date judgment is entered until paid; and

7.     That ZippMark be awarded such other and further relief as the court deems equitable, just and appropriate.

## JURY TRIAL DEMANDED

ZippMark respectfully demands a jury trial on all issues so triable.

Dated:  October 11, 2016

OF COUNSEL

David S. Elkins (Cal. Bar No. 148077)
Joseph P. Grasser (Cal. Bar No. 255156)
SQUIRE PATTON BOGGS (US) LLP
620 Hansen Way
Palo Alto, California  94304
Tel:       +1.650.856.6500
Fax:       +1.650.843.8777
David.Elkins@squirepb.com
Joseph.Grasser@squirepb.com

Respectfully submitted,

SCHNADER HARRISON SEGAL & LEWIS LLP

By: _____
     Theresa E. Loscalzo (PA Bar No. 52031)
     Amey J. Park (PA Bar No. 316024)
     1600 Market Street, Suite 3600
     Philadelphia, PA 19103
     Tel:       (215) 751-2496
     Fax:       (215) 751-2205
     Email: tloscalzo@schnader.com
     Email: apark@schnader.com

Attorneys for Plaintiff ZIPPMARK, INC.

014-3379-3951/1/EUROPE

- 11 -